

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2008

# USA v. Zalatarou

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3760

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Zalatarou" (2008). *2008 Decisions.* Paper 326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3760
_____

UNITED STATES OF AMERICA

v.

YAHOR ZALATAROU
a/k/a
EGOR ZOLOTOREV
a/k/a
YAHOR ZALUPKIN
a/k/a
LEADER

Yahor Zalatarou,

Appellant

_____

On Appeal from the United States District Court
for District of New Jersey
District Court No. 03-CR-889
District Judge:  The Honorable Dennis M. Cavanaugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2008

1

OPINION

SMITH, *Circuit Judge*.

Yahor Zalatarou pleaded guilty, pursuant to a written plea agreement, to one count

of conspiring to distribute child pornography in violation of 18 U.S.C. § 2252, and one

count of conspiring to commit money laundering in violation of 18 U.S.C. § 1956.  On

August 8, 2006, the United States District Court for the District of New Jersey sentenced

Zalatarou to the maximum of 240 months of imprisonment on the child pornography

offense and to a consecutive 60 months of imprisonment on the money laundering count.

Zalatarou filed a timely notice of appeal.[1]  We will affirm the judgment of the District

Court.

Zalatarou's defense counsel in the District Court proceeding was appointed to

represent him on appeal.  Defense counsel filed a motion to withdraw pursuant to *Anders*

*v. California*, 386 U.S. 738 (1967), asserting that he could not find any non-frivolous

---

*The Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 3742(a).  *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

issues to raise on appeal. The United States agrees with this representation.

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* A satisfactory *Anders* brief requires evidence that counsel has throughly and conscientiously examined the record for appealable issues, and an explanation of why the issues presented are frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). It is not necessary for counsel to "raise and reject every possible claim," but the brief must demonstrate a conscientious review of the case. *Id.*

After considering the submission of Zalatarou's counsel, and following our own independent review of the present record, we agree that there are no non-frivolous issues for appeal. Counsel explained that the issues that Zalatarou could raise were limited, by virtue of Zalatarou's unconditional guilty plea, to questioning the validity of his guilty plea, and challenging the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 574 –76 (1989). Counsel asserted that the transcript of the guilty plea colloquy revealed no deficits. We agree. The transcript confirms that the District Court, as required by Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama* 395 U.S. 238

(1969), engaged in a thorough colloquy with Zalatarou to ensure that his plea was both knowing and voluntary.

We also accept counsel's claim that there is no basis for attacking the legality of Zalatarou's sentence. As counsel pointed out, Zalatarou's objections to the presentence report were resolved in his favor at sentencing. In light of the fact that the plea agreement appended a set of stipulations regarding several sentencing enhancements, we cannot discern any ground for arguing that the advisory guideline range was not computed correctly. The transcript of the sentencing proceeding demonstrates that the District Court meaningfully considered the sentencing factors set forth in 18 U.S.C. § 3553(a). As the government points out, Zalatarou agreed to waive any challenge to his sentence if it was within the guideline range for an offense level of 40. Zalatarou's sentence of 300 months was within the guideline range of 292 to 365 months.

Defense counsel observed that Zalatarou could conceivably raise an ineffective assistance of counsel claim. Counsel recognized, however, that it is preferable to address claims of this nature on collateral review. *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003) (citing *Massaro v. United States*, 538 U.S. 500 (2003)).

Zalatarou was notified by the Court on two occasions that he was entitled to file a *pro se* brief with this Court, but he has not done so. *See* Third Circuit L.A.R. 109.2(a). Because Zalatarou has not raised any non-frivolous issues for appeal, and because our own independent review of the record fails to reveal any non-frivolous issues for appeal,

we will grant counsel's motion to withdraw. We will affirm the judgment of the District Court.